BASIL F. O'CONNOR, ESQ.
Schenck, Price, Smith & King, LLP
220 Park Avenue
Florham Park, New Jersey 07932-0991
(973) 539-1000
Court Appointed Special Master

RECEIVED
APR 03 2013
AT 8:30_____
WILLIAM T. WALSH  M
CLERK

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| CECILIA TRIANA, )<br><br>    Plaintiff, )<br><br>-vs- )<br><br>VERIZON, METLIFE, ESTATE OF )<br>JOHN M. NOONE and LESLIE K.<br>PONTIER, )<br><br>    Defendants. ) | Civil Action<br>No. 10-cv-3221 (PGS)(ES) |

### REPORT OF BASIL F. O'CONNOR, ESQ., SPECIAL MASTER

I, BASIL F. O'CONNOR, do hereby submit my Report as Special Master to the Court in the above matter. I was appointed by Order of this Court dated December 12, 2012 to assist the Court in the resolution of outstanding issues with respect to the allocation of interest

1

with respect to interest on the New Jersey Inheritance Tax payment and the allocation for payment of same and methodology of determining the allocation of the income tax responsibility on pension funds to be disbursed to each of the parties. A copy of the Order is attached as Exhibit A.

1. In order to prepare this report I have reviewed Plaintiff's Notice Motion to Enforce Terms of Settlement Placed on the Record on January 11, 2011, and the Certification of Geri Landau Squire, Esq. and all exhibits in support thereof, Defendant Leslie K. Pontier's Opposition to plaintiff's Motion, and the Certification of Mario Blanch, Esq. and all exhibits in support thereof, correspondence and draft New Jersey Inheritance Tax Returns (Forms IT-R) of Peggy Sheahan Knee, Esq., counsel for the Estate of John M. Noone. I have spoken with Ms. Squire and Mr. Blanch in order to clarify their positions as well as to ascertain facts concerning the Verizon pension plan and the other assets of the estate.

## ALLOCATION OF INCOME TAX PAYMENTS WITHHELD ON FUNDS DEPOSITED WITH THE COURT

2. Mr. Noone (hereafter the "decedent") was the beneficiary of the Verizon Management Pension Plan (hereafter the "Plan") at the time of his death. Although the value of the Plan has fluctuated during the pendency of this litigation, the final amount was determined to be $524,043. From that amount, $104,809 was withheld under the tax identification number of Leslie K. Pontier, the designated beneficiary, leaving the sum of $419, 234 initially on deposit with the Court. From that amount, the sum of $115,189.82 was sent to Ms. Knee in August of 2012 to cover the New Jersey Inheritance tax and interest and $7,500 was sent to my firm as a retainer against my fees. All of the pension proceeds are regarded by the Internal Revenue

2

Service as taxable income to the recipient. Under the provisions of the Settlement Agreement placed upon the record on January 11, 2011, Ms. Triana was entitled to one-half (1/2) or fifty percent (50%) of the marital coverture portion of the Plan. The parties, subsequent to the proceeding on January 11, 2011, were able to determine and agree on the marital coverture portion. That faction was .4238. That fraction is then applied to the gross amount of the Plan amount and divided by two (2). The result is $111,044.71. The reason we apply the coverture fraction to the gross amount is that the amount withheld and sent to the Internal Revenue Service has been, in effect, distributed for the benefit of Ms. Pontier, under her Social Security Number with the Internal Revenue Service. When Ms. Pontier files her income tax return with the Internal Revenue Service, she will receive credit for the $104,809 withheld. Any overpayment of her income tax will be refunded to her. Ms. Triana's distribution will be subject to income tax as well and she will be responsible its payment. It is suggested that Ms. Triana's portion of the Pension fund be distributed to her as soon as the Court deems it appropriate. The only issue remaining is the proper allocation of my fees. While that is in the discretion of the Court, by way of illustration, if the Court allocates it equally between the parties, then Ms. Triana's distribution would be reduced by one-half of the fees allowed. If the Court pro rates the fee based upon the amounts distributed, then .2119 of the fee allowed would be deducted from the above amount.

RESPONSIBILITY FOR THE INTEREST ON THE NEW JERSEY INHERITANCE TAX

3. The New Jersey Inheritance Tax Return-Resident Decedent (Form IT-R) (hereafter referred to as the "Return") was filed by the administrator, Ms. Triana, on August 17, 2012. As mentioned above, a payment in the amount of $115,189.82 was made with the return. Of that amount, $34,771.05 was reported as interest due for the late payment of the tax. The decedent died without a Will and, as a result, the provisions of the New Jersey statutes require the payment of tax by the recipient. (NJAC 18:26-9.11). Based upon the Return, all of the tax generated was the result of the interest in the Plan passing to Ms. Pontier. The life insurance payable to Ms. Pontier generated no inheritance tax under New Jersey law nor did the amounts payable to Ms. Triana under the provisions of the Matrimonial Agreement dated January 24, 2008. The remaining assets of the estate were required to pay the funeral expenses, attorney's fees and to partially satisfy the claim against the estate by Ms. Triana as a result of the decedent not abiding by the provision of the Matrimonial Agreement at paragraph 10. The Return was due on November 28, 2008. After that date interest began to run. Ms. Triana was appointed as administrator on July 16, 2009, well after the due date of the Return. The only readily available assets, one-half the balances in two accounts at Wachovia Bank, were needed for funeral expenses and other administration expenses. Until the Plan assets were deposited with the Court, available assets to pay the tax were unavailable. Ms. Pontier changed counsel and that further delayed the distribution from the Plan assets, at least until her new counsel could become familiar with the matter. It appears the delay in payment of the tax was unavoidable or at least not due to any fault on the part of the administrator. As a consequence, the interest is properly chargeable to Ms. Pontier as the only recipient of taxable assets.

4. As was stated earlier, the Return was filed on August 17, 2012. There has not been any response to the filing from the New Jersey Division of Taxation (hereafter the "Division"). When the return was filed, relief from the 10% interest rate was requested by the administrator of the estate. Under certain circumstances, the Division will reduce the rate of interest from 10% to 6%. The relevant statutory provision reads as follows:

> Any payment of the New Jersey inheritance tax after the expiration of the corresponding day of the eighth month following the date on which it became due and payable shall bear interest at the rate of 10 percent per annum on any unpaid portion of the tax, from the expiration of eight months after the date on which it became due and payable until the date of actual payment, ......or unless by reason of any claims made upon the estate, necessary court litigation, or other unavoidable cause of delay, the decedent's estate or a part thereof, cannot be settled before the expiration of eight months from the date of death in which event, interest at the rate of only six percent per annum is to be charged from the expiration of eight months until the cause of delay is removed. (NJAC 18:26-9.13(a).

There appears to be a reasonable basis for this relief under the facts and circumstances of this matter. If the Division agrees, this would result in a refund to the estate. That refunded amount should be paid to Ms. Pontier or into the Court for her benefit if full distribution of Ms. Pontier's interest has not been made by that time.

In light of the current status of the matter, it would appear and it is recommended, that a portion of Ms. Pontier's interest be distributed to her at the same time as Ms. Triana's interest is distributed to her. While the Division has not yet given final approval to the return as

filed or the requested interest rate relief, there appears to be sufficient assets available to make at least a partial distribution to her.

Respectfully submitted,

Date: April 3, 2013

Basil F. O'Connor
Special Master